United States District Court
for the
Southern District of Florida

| Jaime Alvarez MD, PA, Plaintiff, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 18-24987-Civ-Scola |
| | ) | |
| Nationwide Insurance Company of America, Defendant. | ) ) | |

## **Opinion Order Requiring Amended Complaint**

This matter is before the Court on an independent review of the record. On November 29, 2018, the Plaintiff Jaime Alvarez MD, P.A. ("Alvarez P.A.") filed this one-count complaint (the "Complaint") for breach of an insurance policy issued to it by the Defendant Nationwide Insurance Company of America ("Nationwide"). (ECF No. 1.) Alvarez P.A. asserts that federal diversity jurisdiction exists in this case under 28, U.S.C. § 1332. (*Id.* at ¶ 2.) Specifically, the allegations of the Complaint provide that Alvarez P.A. is a "professional association organized and existing under the law of the State of Florida with its principal place of business in Miami-Dade County, Florida," and citizen of Florida; and that Nationwide is a citizen of Wisconsin and Ohio. (*Id.* at ¶¶ 4, 5.) Alvarez P.A. generally concludes that the "amount in controversy exceeds the sum of $75,000." (*Id.* at ¶ 2.)

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). A party seeking to invoke a federal court's diversity jurisdiction must allege "facts" that show that federal subject matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Diversity jurisdiction exists where there is complete diversity of parties and the amount in controversy exceed $75,000. 28 U.S.C. § 1332. To sufficiently allege diversity jurisdiction, a party "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. "Entities similar to professional corporations but not defined as corporations – limited liability companies, professional associations, and partnerships, for example – are citizens of the states of citizenship of their members." 19 No. 11 Federal Litigator 2 (2004); *Nationwide Mut. Fire Ins. Co. v. Pierce*, 2013 WL 4518208, at *1 (M.D. Fla. Aug. 23, 2013) (professional associations must prove the citizenship of each of their members to meet the jurisdictional requirements (quoting *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079,

1086 (11th Cir. 2010))). Further, the party asserting diversity jurisdiction bears the burden of alleging facts that support that the amount in controversy requirement is satisfied. *See Dibble v. Avrich*, No. 14-cv-61264, 2014 WL 6632629, at **2-5 (S.D. Fla. Nov. 21, 2014) (Bloom, J.) (collecting cases).

Here, the Complaint provides no allegations of the citizenship of the members of Alvarez P.A. Nor does the Plaintiff allege any facts suggesting the amount in controversy requirement is met. Thus, at present, the Court cannot discern whether federal jurisdiction in fact exists in this case.

Accordingly, the Court orders Alvarez P.A. to file an amended complaint adequately alleging the existence of federal jurisdiction by **December 11, 2018.** Failure to file an amended complaint by that date which cures the aforementioned jurisdictional deficiencies will result in the dismissal of this case without prejudice and without further notice.

**Done and ordered**, in chambers, in Miami, Florida, on December 6, 2018.

Robert N. Scola, Jr.
United States District Judge